DANIEL G. BOGDEN
United States Attorney
KIMBERLY M. FRAYN
ANDREW W. DUNCAN
Assistant United States Attorneys
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-5087

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:13-CR-00120-APG-~~PAL~~ GWF |
| Plaintiff, | |
| vs. | **STIPULATION FOR PROTECTIVE ORDER** |
| MICHAEL SAN CLEMENTE, and IRINA SANFORD, | |
| Defendants. | |

    IT IS HEREBY STIPULATED AND AGREED between the parties, DANIEL G. BOGDEN, United States Attorney for the District of Nevada, and Kimberly M. Frayn and Andrew W. Duncan, Assistant United States Attorneys, counsel for the United States, and Michael Gowdey, Esq. Counsel for MICHAEL SAN CLEMENTE; and Melanie Hill, Esq. Counsel for IRINA SANFORD; that this Court issue the Protective Order[1]:

    1)    protecting from disclosure to the public any discovery materials or documents containing the personal identifying information and financial identifying

---

[1] This protective order is identical to the First Amended Protective Order issued in the following companion cases: 2:12-CR-04-MMD-GWF; 2:12-CR-082-MMD-GWF and 2:12-CR-084-MMD-GWF, which are all pending trial on November 19, 2013.

information such as, names, social security numbers, drivers license numbers, dates of birth, addresses, mothers' maiden names, passwords, debit card and credit card account numbers, financial lines of credit account numbers, bank account numbers, and Personal Identification Numbers (PINs), of participants, witnesses and victims in this case (such materials and documents shall be referred to hereinafter as "Protected Materials");

  2) protecting from disclosure to the public any discovery materials or documents containing "Electronic Contraband;"

  3) designating a defense discovery repository; and

  4) providing for production of and inspection by the defense of electronic discovery materials.

**PROTECTED MATERIALS AND ELECTRONIC CONTRABAND**

  1. "Protected Materials" which may be used by the government in its case-in-chief include personal and financial identifiers, including names, social security numbers, drivers license numbers, dates of birth, addresses, mothers' maiden names, passwords, debit card and credit card account numbers, financial lines of credit account numbers, bank account numbers, and Personal Identification Numbers (PINs), of participants, witnesses, and victims in this case.

  2. "Electronic Contraband" shall include all Protected Materials, passwords giving access to individual computers owned by individuals other than the defendants or businesses owned by anyone other than the defendants, malware, files originating with or belonging to government agencies, and IP addresses of computer servers which contain, or for which there is a reasonable basis to believe contains, any of the information, files or data described in this paragraph.

  3. Discovery in this case is voluminous and much of it includes Protected Materials and Electronic Contraband. Redacting the Protected Materials and Electronic Contraband would prevent the timely disclosure of discovery to the defendants.

4.  The United States agrees to provide Protected Materials and Electronic Contraband without redaction.

5.  Access to Protected Materials and Electronic Contraband will be restricted to persons authorized by the Court, namely defendants, attorneys of record and attorneys, paralegals, investigators, experts, and secretaries employed by the attorneys of record and performing on behalf of defendants in case number 2:12-CR-004-MMD-GWF, 2:12-CR-083-MMD-GWF, 2:12-CR-084-MMD-GWF, and 2:13-CR-00120-MMD-PAL ("the defense").  Access shall specifically include, but shall not be limited to: defense discovery consultant, Russ Aoki, Esq., AOKI LAW PLLC., Seattle, Washington, 98101.

6.  The following restrictions will be placed on the defense unless and until further ordered by the Court.  The defense shall not:

    a.  make copies for, or allow copies of any kind to be made by any other person of Protected Materials and Electronic Contraband;

    b.  allow any other person to read Protected Materials and Electronic Contraband ; and

    c.  use Protected Materials and Electronic Contraband for any other purpose other than assisting in preparation for trial, trial, and appeal.

7.  Any copies, reproductions, or notes made by the defense, which specifically copy or particularize Protected Materials or Electronic Contraband must be stored in a locked facility when not in use, and if stored on an electronic device, the devise must not be connected to the Internet at any time, except as needed to establish a connection to the CCAP environment.  All papers, copies, reproductions, and notes maintained by the defense, which contains Protected Material and Electronic Contraband shall be handled in accordance with the provisions set forth in paragraph 10, upon conclusion of the criminal case.

8.     Defendants' attorneys shall inform any person to whom disclosure may be made pursuant to this Order of the existence and terms of this Court's Order and of the on-going obligation to comply with its restrictions.

9.     The requested restrictions shall not restrict the use or introduction, as evidence, of discovery materials and documents containing Protected Materials and Electronic Contraband during the trial of this matter.

10.    Upon conclusion of this action, defense attorneys shall return to government counsel or destroy and certify in writing to government counsel the destruction of ALL discovery materials and documents produced in these cases, including, but not limited to, electronic discovery materials containing Protected Materials and Electronic Contraband, within a reasonable time, not to exceed thirty (30) days after the last appeal is final.

**DEFENSE DISCOVERY REPOSITORY**

11.    After conducting a hearing in case numbers 2:12-CR-004-MMD-GWF, 2:12-CR-083-MMD-GWF, 2:12-CR-084-MMD-GWF and 2:13-CR-00120-MMD-PAL, which was closed to government counsel, the Honorable Magistrate Judge George W. Foley, Jr., ordered that a defense discovery repository should be established and maintained during the course of these three cases. The Court also designated Karen Winckler, Esq. a CJA panel attorney, to act on behalf of the collective defense in case numbers 2:12-CR-004-MMD-GWF, 2:12-CR-083-MMD-GWF, 2:12-CR-084-MMD-GWF, and 2:13-CR-00120-MMD-PAL as a defense discovery repository.

12.    From the date of this Order, until further order of the Court, the government will produce all discovery materials to the defense discovery repository. The defense discovery repository shall be responsible for providing the defense access to all discovery materials produced to it by the government.  The government is relieved of any responsibility, until further order of this Court, to provide individual discovery copies or

other individualized access to the discovery materials, other than what it produces to the defense discovery repository.

**ELECTRONIC DISCOVERY MATERIALS**

13.   "Electronic discovery materials" shall mean electronic files and data, in whatever computers and computer storage media they may be stored, and forensic or other reports pertaining to computer networks computers, computer storage media, files and data, by whomever prepared, which the government is required to produced pursuant to Fed. R. Crim. P. 16(a).

**CCAP**

14.   Access to electronic discovery materials shall be restricted to the defense. The defense shall use and maintain all electronic discovery materials solely and exclusively in connection with this case, including trial preparation, trial, and appeal, and not for any literary, commercial, or other purposes.

15.   The government may produce all electronic discovery materials by making copies of them available on the Clustered Computer Analysis Platform ("CCAP"). Information about the Software Engineering Institute's CERT program at Carnegie Mellon (CCAP project) was presented to the defense, on or about June 5, 2012, by a representative of the CCAP project during a discovery meeting with the defense and the government.  Thereafter, the defense notified the government of their consent to the CCAP for use in the government's electronic discovery production. Absent further Order of this Court, the government shall not be obligated to make additional copies of any electronic discovery materials which are available on the CCAP, except that one complete copy of these materials will also be produced to the defense discovery repository attorney.

16.   The defense's inspection of electronic discovery materials on CCAP does not prejudice their rights to move the Court for addition discovery materials or the production of electronic discovery materials in a different form.

17. All credentials and certifications necessary to access the CCAP shall be maintained by defense counsel in a secured facility, and on one or more computers also kept secured at all times, that are not connected to the Internet at any time, except as needed to establish a connection to the CCAP environment. All credentials and certifications necessary to access the CCAP shall be returned to a representative designated by the CCAP project, within a reasonable time, not to exceed thirty (30) days after the appeal is final.

18. No one shall make or store copies of the electronic discovery materials made available on CCAP.  Any member of the defense who wishes to make or store copies of the electronic discovery materials made available on CCAP,   may do so if, and only if, the Court, by way of ex parte motion by defense counsel, deems  such copies necessary to assist the defense in trial preparation, trial, and appeal. The CCAP discovery mechanism will allow for such making and storing of copies by the defense only upon receipt of a Court order directing that a particular defense counsel, on a particular date and time, be given authorization by CCAP to make and store copies.  This order shall not specify what materials the defense is requesting to copy from CCAP, but shall state that the Court has been provided said information in the ex parte motion, and has deemed such copies necessary to assist the defense in trial preparation, trial, and appeal. Any copies of the electronic discovery materials on CCAP which specifically copy or particularize Protected Materials and Electronic Contraband must be stored in a secured facility, and shall be handled in accordance with the provisions set forth in paragraph 10 above, upon conclusion of the criminal case.

a. Although the defense cannot print or store copies of the electronic discovery materials on CCAP, absent a court order, they may take notes concerning the electronic discovery materials.  If such notes specifically copy or particularize Protected Materials or Electronic Contraband, the notes must be used, stored, and maintained, as provided for by this Order.

    b. The defendants may not themselves make any notes from the electronic discovery on CCAP which specifically copy or particularize Protected Materials or Electronic Contraband. Instead, the defendants may ask defense counsel to do so on their behalf. However, such notes shall be made only if the defense counsel agrees they are necessary to assist the defense in trial preparation, trial, and appeal, and must be used, stored, and maintained by defense counsel as provided for by this Order

**Creating, Maintaining and Servicing CCAP**

  19. Representatives designated by the CCAP project shall construct the CCAP environment and shall load the electronic discovery materials into the environment prior to the defense accessing the CCAP. After the defense is permitted to access the CCAP, additional electronic discovery materials may only be loaded into the CCAP environment upon joint agreement between government counsel and the defense discovery repository attorney, or upon further order of the Court.

  20. A representative shall be designated by the CCAP project to physically maintain the equipment needed to sustain the CCAP environment. Only this representative will possess a key to the otherwise locked equipment and will maintain a written log documenting any access made to the equipment. No access to the content of the CCAP environment will be undertaken during any physical maintenance of the equipment.

  21. A representative shall be designated by the CCAP project to access the CCAP environment to administer cyber repairs to that environment but only as directed and authorized by the defense discovery repository, in writing.

  22. The United States shall not monitor or record in any way what electronic discovery material the defense looks at in the CCAP environment, what the defense searches for, or anything the defense prints out in paper copy from the CCAP environment.

23. No administrative log will be kept by any representative of the CCAP project which monitors or records in any way what electronic discovery material the defense looks at in the CCAP environment, what the defense searches for, or anything the defense prints out in paper copy from the CCAP environment. However, an administrative log will be maintained by a representative designated by the CCAP project, which documents the date, time, and IP address of the connecting computers for each occurrence whenever anyone connects to the CCAP environment.  No content from within the CCAP environment will be captured in this log. The log will be produced to the parties anytime, upon written request, for review to assure ongoing compliance with this Protective Stipulation and Order.   The defense shall have an ongoing duty to provide the defense discovery repository with an up-to-date listing of the IP addresses for the computers that the defense uses to access the CCAP environment.

/ / /

/ / /

/ / /

## CONCLUSION

24. The parties shall promptly notify the Court and opposing counsel in writing if any discovery materials protected herein are disclosed either intentionally or unintentionally to anyone not designated as authorized to access them.

| | |
|---|---|
| DANIEL G. BOGDEN<br>United States Attorney | LAW OFFICE OF MELANIE HILL |
| */s/ Kimberly Frayn*<br>By:_____<br>KIMBERLY FRAYN<br>Assistant United States Attorney<br>Counsel for the Plaintiff | */s/ Melanie Hill*<br>By:_____<br>MELANIE A. HILL<br>Counsel for Defendant Irina Sanford |

LAW OFFICES OF MICHAEL I. GOWDEY

   */s/ Michael I. Gowdey*
By:_____
MICHAEL I. GOWDEY
Counsel for Defendant Michael San Clemente

## ORDER

IT IS SO ORDERED this   11th   day of June, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

9