CHRISTOPHER CHIOU
Acting United States Attorney
Nevada Bar No. 14853

SUMMER A. JOHNSON
Assistant United States Attorney
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Fascimile: (702) 388-6787
E-mail: Summer.Johnson@usdoj.gov
*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:13-cr-120-APG-GWF |
| Plaintiff, | |
| v. | **ORDER ON STIPULATION FOR INSTALLMENT PAYMENT ORDER** |
| MICHAEL SAN CLEMENTE, | |
| Defendant. | |

This matter is before the Court for consideration of the Stipulation for Installment Payment Order executed between United States of America, by its attorney, CHRISTOPHER CHIOU, Acting United States Attorney for the District of Nevada, and Summer A. Johnson, Assistant United States Attorney, and Defendant MICHAEL SAN CLEMENTE for an order directing the Defendant to make installment payments to the United States pursuant to 28 U.S.C. § 3204.

Having considered and reviewed the stipulation of the parties, and good cause appearing there for, the Court finds and orders as follows:

1. Judgment in the above captioned matter was entered in favor of the United States and against Defendant on February 20, 2014. (ECF No. 148) Interest was not

waived by this Court in its Judgment. As of May 6, 2021, $53,753.17 has been credited to the account including the special assessment, leaving an outstanding balance of $50,521,470.28, excluding interest.

2. In lieu of a formal continuing garnishment, Defendant has agreed to make payments directly to the Clerk of the Court.

3. The Defendant has agreed and shall pay to the United States $375.00, beginning ninety (90) days following the Court's entry of this order approving the parties' Stipulation and thereafter continuing on the 15th day of each month until the debt is paid in full or twenty years from the date of release from incarceration, whichever occurs first.

4. The monthly payments are based on Defedant's present ability to pay and the amount is subject to change should the Defendant's ability to pay change in the future. Defendant shall notify the United States Attorney's Office of any material change in his economic circumstances.

5. Nothing in this agreement prevents the United States from pursuing collection efforts under the FDCPA should undisclosed assets be located.

6. In the event the Defendant fails to make the payments required under Paragraph 10, in full, for more than 90 days, the account will be in default. Upon default, the United States may declare this agreement null and void. All payments made by the Defendant prior to default shall be applied toward the judgment balance. The United States will be entitled to recover the unpaid balance from the Defendant plus costs and interest from the time the payment becomes due and payable.

7. After Defendant completes twelve (12) consecutive on time payments, the United States will remove the Defendant from the Treasury Offset Program. In the event this agreement becomes null and void pursuant to Paragraph 6, above, Defendant will be placed in the Treasury Offset Program.

8. All checks or money orders are to be made payable as follows:
Clerk of the Court, U.S. District Court

and mailed to:

Clerk of the Court, U.S. District Court

333 Las Vegas Boulevard South, Suite 1334

Las Vegas, NV 89101

And bearing Judgment Debtor's name and case number:

2:13-cr-120-APG-GWF

Dated: May 7, 2021                    _____
                                      UNITED STATES DISTRICT JUDGE